WILLIAM B. GREENOUGH, Att'y Gen., *ex rel.* v. TOWN COUNCIL
OF THE TOWN OF WARWICK.

DECEMBER 13, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Certiorari.    Licenses for Intoxicating Liquors.    Schools.*

In *certiorari* upon the issue as to whether a building in which a license for the
sale of intoxicating liquors was granted was within 200 feet, measured by a
public highway, of the premises of a parochial school.    Evidence considered,
and held that petitioner had not sustained the burden of proving that the
license was granted for a building within the restricted area.

The premises of a public or parochial school can be neither more nor less than
the duly constituted authorities may see fit to appropriate for that purpose,
and the same may be abridged or enlarged by them in their discretion.

What they are is matter susceptible of proof, and should not be left to con-
jecture.

CERTIORARI.    Writ quashed.

DUBOIS, C. J.    This is a petition for a writ of *certiorari*,
based upon the following allegations:

"1.    That Joseph Barber, William M. Smith, Dr. George
E. Barden, Adelbert E. Place, George J. Holden, Louis Lemoine,
and Alfred Pearson were duly elected to the office of Town Coun-
cil at the last annual election of town officers and duly qualified
and entered upon the performance of their duties.

"2.    That in and by Chapter 1583 of the Public Laws of
1908, power to grant licenses for the sale of intoxicating liquors,
in places and buildings not prohibited by law, was vested in the
Town Council:    that prior to December 1st, A. D. 1909, one
Arthur J. Viens made application to said Town Council for
a license to sell intoxicating liquors in a certain building known
as ' The Joseph Archambault Building or The Virginia Archam-
bault Building,' situated and located on a lot at the junction of
Main and Quidnick streets in the village of Arctic, in said
Warwick.

"3.    That prior to the granting of said license, your relator
duly filed in the office of the clerk of the Town Council his

objection, in writing, against the granting of said license on the ground that the Town Council had no right or authority and no jurisdiction to grant said license, in that said building is located within two hundred feet, measured by a public traveled way, of the premises of the parochial school of the St. Mary's Church Corporation.

"4. That in and by the act of the General Assembly, being Chapter 1583 of the Public Laws of 1908, Section 2, it is expressly provided, 'nor shall any license be granted for the sale of such liquors in any building or place except taverns that are licensed on the date of the passage of this act, within two hundred feet, measured by any public traveled way, of the premises of any public or parochial school.'

"5. That a hearing was had before the Town Council on the 10th day of January, A. D. 1910, after argument of counsel for the relator, the said license for the sale of intoxicating liquors in said building was granted by said Town Council to the said Arthur J. Viens contrary to the provisions of said statute.

"6. That the proceedings of said Town Council in granting said license was without right or authority, in this, that said Town Council at no time acquired jurisdiction of the subject matter; that the building in which said license is granted is within two hundred feet, measured by a public traveled way, of the premises of the parochial school of the St. Mary's Church Corporation." The writ was duly issued and returned.

The respondents have appeared and filed their answer to the foregoing petition, and therein admit the truth of the allegations contained in the foregoing paragraphs numbered 1, 2, 3, 4, and 5, but they deny the allegations contained in paragraph 6 of the petition, and say that the building in which said license was granted is not within two hundred feet measured by a public highway of the premises of a public or parochial school. This raises an issue of fact, and the burden of proof is upon the party asserting the affirmative of the issue, to wit; the petitioner.

(1)    In support of his assertion the petitioner introduced in evidence certified copies of certain deeds and a plat including the

lands conveyed thereby and the "V. Archambault lot," and showing thereon a rectory, the schoolhouse of the parochial school in question, the building on the Archambault lot marked "saloon," and certain streets and roads.   The civil engineer who made the plat testified that the corner of the lot occupied by the rectory and schoolhouse was one hundred and thirty-six feet, measured by the public travelled way, from the building in which the license was granted; he also testified that the plat is drawn upon a scale of eighty feet to the inch, and upon examination of the plat it appears that the distance from the school building itself, measured by the public travelled way, is more than four hundred feet from the place licensed.   The petitioner offered no evidence tending to define the premises of the parochial school, but claimed that they were co-extensive with the land upon which the school building was situated, notwithstanding the fact that the rectory was also located there, because there was no partition fence or other boundary from which any other inference can be drawn.   This argument would have much persuasive force in the case of a school building with the usual grounds surrounding the same exclusively devoted to school purposes.   The premises of a public or parochial school can be neither more nor less than the duly constituted authorities, having jurisdiction in the matter, may see fit to appropriate for that purpose, and the same may be abridged or enlarged by them in their discretion.   For example, the premises may consist of one or more rooms in a building, or of the entire building itself with no additional grounds; or the land, whereon several buildings have been erected by the owner thereof, may be apportioned as premises appurtenant to the several buildings in such proportion as the owner may deem proper, or may be left to be used in common as appurtenant to the several buildings thereon at the will and pleasure of the owner.   However it may be, it is a matter susceptible of proof, and ought not to be left to conjecture.   The respondents introduced a duplicate plat of the same lands made by the same engineer, but containing delineations of a church, a convent, and a barn, in addition to the structures upon the plat already referred to.   The

second plat, moreover, contains contour lines showing the elevation of the land between the rectory and school building, and dots representing about fifty oak trees, and also a line drawn northerly in prolongation of the line of the easterly end of the church and running between the rectory and schoolhouse to St. Mary's street, marked: "line of school yard," which the engineer testified, without objection by the petitioner, he drew thereon for the purpose of designating one of the boundaries of the school yard located for him by "Father Higney," the priest in charge of the church, rectory, and school, as all parties admit, before the granting of the license in question. The terminus of this line at St. Mary's street is three hundred and twenty-two feet, measured by the public travelled way, from the Archambault building in question. In this condition of the evidence we are of the opinion that the petitioner has not sustained the burden, imposed upon him by the law, of proving that the license in question was granted by the respondents for the sale of intoxicating liquors in a building within two hundred feet, measured by any public travelled way, of the premises of the parochial school of St. Mary's Church Corporation. The writ is therefore quashed.

*Frank M. Wilcox, Vincent, Boss & Barnefield,* for petitioner.
*Lester T. Murphy,* for respondent.